# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **VANESSA A. PHILLIPS,**  *Plaintiff*,  v.  **MACON-BIBB COUNTY GOVERNMENT and MACON-BIBB COUNTY TAX COMMISSIONERS,**  *Defendants.* | **CIVIL ACTION NO. 5:21-cv-00355-TES** |

## ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is *pro se* Plaintiff Vanessa A. Phillips's Motion for Judgment on the Pleadings [Doc. 11]. For the reasons discussed below, Plaintiff's Motion is **DENIED**.

### DISCUSSION

**A.    Procedural Background**

On October 6, 2021, Plaintiff filed her original Complaint [Doc. 1] against Defendants Macon-Bibb County Government, and Macon-Bibb County Tax Commissioners (collectively, "Defendants"), alleging wrongful termination, unfair employment benefit denial, and malicious prosecution. *See generally* [Doc. 1]. Soon thereafter, each Defendant moved to dismiss Plaintiff's original Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See generally* [Doc. 3]; [Doc. 4]. The Court, upon review of Plaintiff's original Complaint, agreed with both

Defendants that it constituted an impermissible shotgun pleading. [Doc. 5, pp. 2–4]. However, rather than dismiss it entirely on this ground, the Court provided Plaintiff "the opportunity to file an amended complaint that conform[ed] to the Federal Rules and the pleading standards strictly adhered to in the Eleventh Circuit." [*Id.* at pp. 4–5]. Plaintiff took advantage of this opportunity and filed an Amended Complaint [Doc. 6]. In her Amended Complaint, she named Macon-Bibb County Government as the sole Defendant. [Doc 6, p. 1].[1]

Defendant Macon-Bibb County Government chose not to file an answer in response. Instead, it once again moved for dismissal under Rule 12(b)(6). [Doc. 9]. Six days later, Plaintiff filed her Response [Doc. 10] to Defendant's Motion to Dismiss. As of the date of this Order, the Court has not issued a ruling on Defendant's Motion to Dismiss. That being said, it is ripe for review, which is a fact particularly relevant to the matter actually before the Court—Plaintiff's Motion for Judgment on the Pleadings.

Two months after responding to Defendant's Motion to Dismiss, Plaintiff filed a Motion for Judgment on the Pleadings as to all claims raised in this action, presumably pursuant to Federal Rule of Civil Procedure 12(c). [Doc. 11]. She argued that judgment should be entered in her favor at this point in the proceedings because "[a]t no point

---

[1] Although Plaintiff named Macon-Bibb County Tax Commissioners as a party in her original Complaint, she does not name this entity as a party in her Amended Complaint. Because "[a]n amended complaint supersedes an original complaint[,]" the Court now **terminates** Macon-Bibb County Tax Commissioners as a party to this action. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (citation omitted).

has the Defendant actually opposed any one merit of the cause." [*Id.* at p. 1]. In support of her position, Plaintiff contends that she "has submitted exhibits upon exhibits exposing [Macon-Bibb County Government's] misconduct, the Plaintiff's unlawful termination, [and] the Defendant's malicious pursue [sic] of the Plaintiff." [*Id.* at p. 2]. In response, Defendant opposes her Motion for Judgment on the Pleadings as procedurally premature. *See generally* [Doc. 12].

      **B.**      **Plaintiff's Motion for Judgment on the Pleadings**

Since the text of Rule 12(c) governs this matter, the Court starts its analysis there. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "By the plain language of Rule 12(c), a party may not move for judgment on the pleadings until '[a]fter the pleadings are closed.'" *Lillian B. v. Gwinnett Cnty. Sch. Dist.*, 631 F. App'x 851, 853 (11th Cir. 2015). And, the pleadings are closed only after a complaint and answer have been filed. *Id.* (citing Fed. R. Civ. 7(a)). Defendant Macon-Bibb County Government has not filed an answer in this action. What Defendant has filed is a Motion to Dismiss. But a motion to dismiss is certainly not an answer. *See Wilmington Sav. Fund Soc'y, FSB v. Good Samaritan Fund, Inc.*, No. 2:15-cv-00211-WCO-JCF, 2017 WL 10675432, at *3 (N.D. Ga. 2017) (discussing how an answer is a "pleading" under Rule 7(a), but a motion to dismiss is not a "pleading"). Because an answer has not been filed

3


in this action, the pleadings are not closed; therefore, Plaintiff's Motion for Judgment on the Pleadings is procedurally premature.

## **CONCLUSION**

As discussed above, the Court **DENIES** Plaintiff's Motion for Judgment on the Pleadings [Doc. 11] as premature.

**SO ORDERED**, this 24th day of February, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**