IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| VANESSA A. PHILLIPS,<br><br>*Plaintiff,*<br><br>v.<br><br>MACON-BIBB COUNTY GOVERNMENT,<br><br>*Defendant.* | CIVIL ACTION NO.<br>5:21-cv-00355-TES |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Defendant Macon-Bibb County, Georgia, moves to dismiss *pro se* Plaintiff Vanessa

A. Phillip's Amended Complaint [Doc. 6] pursuant to Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim. *See* [Doc. 9]. For the reasons discussed below, the Court

**GRANTS** Defendant's Motion to Dismiss [Doc. 9].

### BACKGROUND

A.   **Procedural History**

On October 6, 2021, Plaintiff filed her original Complaint [Doc. 1] against

Defendants Macon-Bibb County Government and Macon-Bibb County Tax

Commissioners (collectively, "Defendants"), alleging wrongful termination, unfair

employment benefit denial, and malicious prosecution. *See generally* [Doc. 1]. Soon

thereafter, each Defendant moved to dismiss Plaintiff's original Complaint for failure to

state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See generally* [Doc. 3];

[Doc. 4]. The Court, upon review of Plaintiff's original Complaint, agreed with both Defendants that it constituted an impermissible shotgun pleading. [Doc. 5, pp. 2–4]. However, rather than dismiss it entirely on this ground, the Court provided Plaintiff "the opportunity to file an amended complaint that conform[ed] to the Federal Rules and the pleading standards strictly adhered to in the Eleventh Circuit." [*Id.* at pp. 4–5]. Plaintiff took advantage of this opportunity and filed an Amended Complaint [Doc. 6].

In Plaintiff's Amended Complaint, she names Macon-Bibb County Government as the sole Defendant. [Doc 6, p. 1]. She alleges race discrimination, malicious persecution, and malicious prosecution in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII"), federal due process violations, and defamation. [*Id.*]. These claims arise from events that unfolded during Plaintiff's employment with the Macon-Bibb County Government.

By way of background, Plaintiff worked as a residential appraiser in the Macon-Bibb County Tax Assessor's Office. *See generally* [Doc. 6]. On February 9, 2021, Plaintiff's immediate supervisor—Assistant Chief Residential Appraiser Kema Bishop—called Plaintiff into her office to discuss a work-related incident that had occurred seven days earlier. [*Id.* at ¶ 1]. Deputy Chief Director Jody Claborn and the former Director of Human Resources Alisha Duhart would also be parties to the discussion. [*Id.*]. When Plaintiff entered Bishop's office, she noticed signed suspension/separation paperwork regarding her employment with the Tax Assessor's Office. [*Id.*].

Bishop and Duhart initiated the discussion by asking Plaintiff about her understanding of the events that unfolded on February 3, 2021. [*Id.* at ¶ 2]. At the close of their questioning, one of the women asked Plaintiff if she had anything additional to share about the incident. [*Id.* at ¶ 2]. In response, Plaintiff asked the women whether they had contacted a witness to the incident so that she could provide her version of events. [*Id.* at ¶ 3]. Bishop informed Plaintiff that the witness had not been contacted because there was no need. [*Id.*]. Duhart then handed Plaintiff a computer-generated template, titled "Notice of Proposed Disciplinary Action" for her to sign. [*Id.*].

On February 16, 2021, Defendant terminated Plaintiff's employment with the Tax Assessor's Office. [*Id.* at ¶ 4]. Following her termination, Plaintiff applied for unemployment benefits with the Georgia Department of Labor. [*Id.* at ¶ 5]. A claims examiner with the Georgia Department of Labor denied Plaintiff's application for unemployment benefits. [*Id.*]. She filed suit soon thereafter.

As noted above, the Court found Plaintiff's original Complaint to be an impermissible shotgun pleading. [Doc. 5]. The Court afforded Plaintiff the opportunity to amend her original Complaint, which she did. [*Id.*]; [Doc. 6].

In response to this amended pleading, Defendant Macon-Bibb County, Georgia, chose not to file an answer. Instead, it once again moved for dismissal under Rule 12(b)(6), largely arguing that Plaintiff failed to state plausible claims for relief or adhere

to the minimum federal pleading standards. [Doc. 9]. Six days later, Plaintiff filed her Response [Doc. 10] to Defendant's Motion to Dismiss.

**B.    Legal Standard**

A complaint survives a motion to dismiss only if it alleges sufficient factual matter—accepted as true—that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

4

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. A plaintiff "must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all of the factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The focus of a Rule 12(b)(6) standard is not whether a plaintiff will ultimately prevail, but "whether [he] is entitled to offer evidence to support [his] claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a

motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, a complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## DISCUSSION

To start, Plaintiff's Amended Complaint altogether fails to satisfy the pleading requirements set forth in Federal Rules of Civil Procedure 8(a) and 10(b). Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 554. Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[.]" Fed. R. Civ. P. 10(b). Here, Plaintiff fails to allege facts that support her claims for relief. Instead, her pleading consists of legal conclusions couched as factual allegations. Plaintiff spends most of her time making legal arguments and citing caselaw, rather than alleging facts that could plausibly support her various claims. *See generally* [Doc. 6]. She also uses her pleading as a vehicle to lobby insults against former employees, referring to them as "bigots" and "deliberately incompeten[t]." [*Id.* at p. 9].

Furthermore, Plaintiff disregarded the Court's instructions about how to redraft her pleading. The Court expressly told Plaintiff "not [to] use formal language or

legalese." [Doc. 5, p. 6]. And yet, Plaintiff heavily relies on legalese throughout her pleading to support her arguments. *See generally* [Doc. 6].

The Court discusses in detail below how Plaintiff's failure to adhere to the requirements set forth in Rules 8 and 10(b) affects each of her claims.

**A.    Title VII Claims**

1.    Race Discrimination

Title VII makes it unlawful for an employer "to discharge . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). To establish an employment discrimination claim, a plaintiff must allege that an employer intentionally discriminated against him based on a protected characteristic. *Walker v. NationsBank of Fla., N.A.*, 53 F.3d 1548, 1556 (11th Cir. 1995). A plaintiff can show intentional discrimination through direct evidence or circumstantial evidence. *Shannon v. Nat'l R.R. Passenger Corp.*, 774 F. App'x 529, 540 (11th Cir. 2019) (citing *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010)). Under the *McDonnell Douglas* framework, a plaintiff can create an "inference of discrimination through his prima facie case." *Vessells v. Atlanta Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). To establish a prima facie case of race discrimination, a plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse

employment action; and (4) she was either replaced by a person outside her protected class or treated less favorably than a similarly-situated individual outside her protected class. *Smith v. CH2M Hill, Inc.*, 521 F. App'x 773, 775 (11th Cir. 2013).

That being said, the Supreme Court has made it clear that "an employment discrimination plaintiff need not plead a prima facie case of discrimination [under the *McDonnell Douglas* framework] . . . to survive a motion to dismiss[.]" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). "This is because *McDonnell Douglas's* burden-shifting framework is an evidentiary standard, not a pleading requirement." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). To elaborate on this point, the Eleventh Circuit has held that "[t]o state a race discrimination claim under Title VII, a complaint need only 'provide enough factual matter (taken as true) to suggest intentional race discrimination." *Id.* (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2015)); *see Gomez v. City of Doral*, No. 21-11093, 2022 WL 19201, at *2 (11th Cir. Jan. 3, 2022) (stating that "[t]he pertinent question, as always, is whether [plaintiff's] complaint provides enough factual matter (taken as true) to suggest intentional . . . discrimination[]"). Plaintiff need only allege facts sufficient to state a plausible claim that Defendant violated Title VII. *See Jacob v. Biando*, 592 F. App'x 838, 840–41 (11th Cir. 2014). However, even under this rudimentary pleading standard, the Court struggles to conclude that the factual allegations set forth in Plaintiff's Amended Complaint plausibly suggest race discrimination.

In her racial discrimination claim, Plaintiff fails to expressly allege that she belongs to a protected class. Instead, she asserts that she "was illegally and thoughtlessly suspended and terminated simply because she . . . is not White, is from a different culture[1], a bottom rung employee that carried herself as a somebody." [Doc. 6, p. 4]. While an individual's race is a protected class under Title VII, in this matter, Plaintiff has failed to identify anything about her race other than to say that she is "not White." Additionally, while Plaintiff repeatedly asserts that "she is of no consequence to [Defendant] because she is not White[,]" she fails to allege any facts showing that Defendant acted discriminatorily toward her because of her race. To summarize— Plaintiff clearly believes that she was terminated from her employment due to Defendant's prejudicial, racial biases. However, unfounded beliefs of discrimination are not sufficient to state a claim under Title VII. Plaintiff fails to allege facts that might plausibly suggest a reasonable inference that Defendant's purported racial biases played any role in her termination. For that reason alone, the Court must dismiss Plaintiff's race discrimination claim.

      2.    <u>Malicious Persecution</u>

Next, Plaintiff alleges that Defendant maliciously persecuted her in violation of Title VII. No such claim exists under the provisions of Title VII. However, upon review

---

[1] To the extent that Plaintiff claims discrimination on something other than race, she fails to allege any other facts to establish that she is a member of a protected class.

of the facts alleged under this claim, it appears that Plaintiff may have intended to assert a claim for retaliation under Title VII. *See, e.g.*, [Doc. 6, p. 4 (citing *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170 (2011))]. Even liberally construing the facts under such a theory, the Court must still conclude that Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff alleges that prior to her termination she spoke to Andrea Crutchfield, an employee at the Macon-Bibb County Tax Office, about acquiring the services of a certified public accountant. [Doc. 6, p. 4]. In turn, Crutchfield provided the contact information for a certified public accountant that her husbanded recommended. [*Id.*]. Plaintiff alleges that after her termination, Crutchfield personally contacted that accountant and "requested that [she] drop the Plaintiff as a client." [*Id.*]. She alleges that based on this action, Crutchfield "went out of her way, outside of her offic[ial] capacity to maliciously harm (persecute) [her]." [*Id.*]. Not one of these factual allegations support a claim for retaliation under Title VII.

Title VII makes it unlawful for an employer to retaliate against an employee simply because she "has opposed any practice made an unlawful employment practice . . . or because [s]he made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). To state a claim for retaliation under Title VII, a plaintiff must allege the following elements: (1) she participated in an activity protected by Title VII; (2) she suffered an adverse

employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse action. *Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1201 (11th Cir. 2001). Once again, the Court wishes to make clear that Plaintiff need not have made out a prima facie case of retaliation in her pleading to survive a motion to dismiss; it is sufficient for her to have alleged facts that suggest retaliation. *Cox v. Fulton Cnty. Sch. Dist.*, No. 1:19-cv-04520-JPB-RGV, 2020 WL 3046092, at *5 (N.D. Ala. May 22, 2020) (citing *Melton v. Nat'l Dairy LLC*, 705 F.Supp.2d 1303, 1315 (M.D. Ala. 2010)). Even so, Plaintiff hasn't done that. She does not allege that she was terminated or suffered some other adverse employment action as a result of her participation in a statutorily protected activity. She simply complains that someone wholly unrelated to the Macon-Bibb County Tax Assessor's Office decided to "drop [her] as a client based on Crutchfield's suggestion." [*Id.*]. Accordingly, to the extent that Plaintiff brings a retaliation claim under Title VII, it is dismissed.

      3.     <u>Malicious Prosecution</u>

Plaintiff asserts a claim for malicious prosecution in violation of Title VII, alleging that "Alisha Duhart, Andrea Crutchfield, and Jody Claborn in their official capacities, thus [Defendant], purposefully terminated [her] knowing full well that [her] due process was violated." [Doc. 6, p. 4]. There is no such claim for malicious prosecution under the provisions of Title VII. Accordingly, the Court has no choice but to dismiss this claim.

**B.    Due Process Violations**

In her final claim, Plaintiff alleges that Defendant violated her due process rights (presumably, under the Fourteenth Amendment) when the County denied her unemployment benefits and failed to hold a formal hearing prior to terminating her employment. The Court considers each allegation in turn.

1.    Unemployment Benefits

There are few facts alleged about Plaintiff's denial of unemployment benefits. It appears that the crux of this claim stems from her belief that Defendant "slander[ed]" her name, and as a result, the Georgia Department of Labor denied her application for unemployment benefits. [Doc. 6, p. 9]. While there are several issues with this claim, the Court starts with the most concerning—i.e., the acknowledged fact that Defendant was not the one to deny Plaintiff her application for unemployment benefits. Rather, the Georgia Department of Labor (an unnamed party) was the one that made the decision that Plaintiff ultimately complains about in this action.

In its Motion to Dismiss, Defendant discusses in detail the administrative procedures in place at the state level that govern an individual's eligibility for unemployment benefits. [Doc. 9, pp. 8–10]. Defendant argues that judicial review of the Georgia Department of Labor's decision whether to grant or deny unemployment benefits "is only permitted after the party claiming to be aggrieved has exhausted her administrative remedies as provided by [Georgia's] Employ[ment] Security Law." [*Id.*

at p. 9 (citing O.C.G.A. § 34-8-223(a))]. The contention is that Plaintiff never exhausted

these remedies; her Amended Complaint is completely devoid of discussion regarding

an administrative hearing on her unemployment benefits request. Therefore, even

under a liberal reading of the pleading, the Court cannot understand how Plaintiff

sufficiently states a claim for a federal due process rights violation against the only

named Defendant in this action.

2.     <u>Hearing Prior to Termination</u>

In her last claim, Plaintiff alleges that Defendant violated her due process rights

under the Fourteenth Amendment by terminating her without a formal hearing before

"an unbiased tribunal[.]" [Doc. 6, p. 7]. Plaintiff claims that as a public employee she has

a protectable property interest in her job.

To Plaintiff's credit, "[a]s a general matter, an employer who discharges an

employee with a property interest in [her] job must afford that employee with due

process—notice, and an opportunity to be heard before an impartial tribunal—before he

implements the adverse employment action." *Zimmerman v. Cherokee Cnty.*, 925 F. Supp.

777, 781 (N.D. Ga. 1995) (citing *Hatcher v. Bd. of Pub. Educ. & Orphanage*, 809 F.2d 1546

(11th Cir. 1987)). However, not every employee has a protectable property interest in

her job such that she must be afforded due process. "State law determines whether a

public employee has a property interest in . . . her job." *Warren v. Crawford*, 927 F.2d 559,

563 (11th Cir. 1991) (citing *Bishop v. Wood*, 426 U.S. 341, 341 (1976)). "Under Georgia law,

13

a public employee generally has no protected property interest unless he or she is employed under a civil service system, which allows termination only for cause." *Brett v. Jefferson Cnty.*, 123 F.3d 1429, 1433–34 (11th Cir. 1997) (citing *Warren*, 927 F.2d at 562). In contrast, an at-will employment arrangement "permits [an] employer to discharge [an] employee for any reason whatsoever[.]" *H&R Block E. Enterprises, Inc. v. Morris*, 606 F.3d 1285, 1294 (11th Cir. 2010). For that reason, an at-will public employee generally has no protected interest in her employment. *Ogletree v. Chester*, 682 F.2d 1366, 1369 (11th Cir. 1982) (citation omitted). "If [a] plaintiff lacks a property interest in [her] employment, then [she] cannot prevail on [her] procedural due process claim." *Zimmerman*, 925 F. Supp. at 781 (citing *Warren*, 927 F.2d at 562).

In Plaintiff's Amended Complaint she acknowledges that under Georgia law, employees are employed at will. She has failed to plead any facts sufficient to show that a written agreement between her and her employer existed that might alter her at-will status. The Court concludes that Plaintiff has failed to show that she has a protected property interest in her job such that she must be afforded due process under the Fourteenth Amendment prior to termination. For that reason, the Court must dismiss such a claim.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 9].

SO ORDERED, this 11th day of March, 2022.

TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT